UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

HELGA E. VALENTIN DE JESUS, *
    Plaintiff, *
     *
    v. *    CIVIL NO. 98-2382(PG)
     *
UNITED HEALTHCARE PLANS OF *
PUERTO RICO, INC., ET AL., *
    Defendants. *

**OPINION AND ORDER**

The matter before the Court is co-defendant United Healthcare Plans of Puerto Rico, Inc.'s ("United") motion requesting dismissal of the complaint for lack of diversity jurisdiction (Docket #60). Co-defendants Dr. Juan K. Díaz Troche, Dr. Luis O. Ramírez Ferrer, Dr. Normando Durán, Sociedad Díaz, Ramirez & Ortiz, and Phico Insurance Company filed a motion joining and adopting United's motion to dismiss for lack of diversity jurisdiction. (Docket #62). Co-defendant Bella Vista Hospital, Inc. ("Bella Vista") filed another motion to join and adopt United's motion. (Docket No. 63). A hearing was held on February 9, 2000 on the issue of diversity jurisdiction. Plaintiff was given until February 25, 2000 to file her opposition to United's motion to dismiss. The other defendants were given until March 17, 2000 to file their respective motions to dismiss for lack of jurisdiction. Plaintiff filed her opposition to United's motion to dismiss on March 3, 2000 (Docket #68). Co-defendant Bella Vista was the only co-defendant who took further





Civil No. 98-2382(PG) 2

action by filing a motion reiterating its position of joining United's motion but incorporating some additional information to be considered by the Court upon ruling on the issue of diversity jurisdiction. (Docket #70). Plaintiff filed a motion requesting inter alia permission to file a short reply to Bella Vista's motion and tendering her reply. (Docket #76).[1]

The Court is now ready to rule on United's motion to dismiss for lack of diversity jurisdiction.

### Background

Helga E. Valentín de Jesús filed this medical malpractice action on December 10, 1998. The complaint invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(1) alleging that plaintiff is a domiciliary and resident of the state of Florida, co-defendants physicians are residents of the Commonwealth of Puerto Rico, co-defendants United and Bella Vista are corporations incorporated under the laws of Puerto Rico with their principal place of business in Puerto Rico and co-defendant Sociedad Díaz, Ramirez & Ortiz is a professional partnership formed under the laws of Puerto Rico with it principal place of business in Mayaguez, Puerto Rico.

On June 24, 2000, co-defendant United moved to dismiss the action alleging that diversity jurisdiction is lacking because

---

[1] Permission to file the short reply to Bella Vista's motion is granted thus the same will be considered in this opinion.

AO 72A
(Rev.8/82)

Civil No. 98-2382(PG)                                                    3

Valentin de Jesus was domiciled in Puerto Rico when the complaint was filed. In her opposition, plaintiff contends that she had moved and was domiciled in Florida when she filed the complaint.

The undisputed evidence reveals that Valentín de Jesús was born in Mayaguez, Puerto Rico. She moved to Yauco, where she lived at her mother's house until October of 1992. During the time she lived at her mother's house she studied nursing at the Pontificia Universidad Católica in Puerto Rico. (Pl. Dep. I at 14, Dep. II at 55). On October 1992, she moved back to Mayaguez to work as a nurse at the Mayaguez Medical Center. (Pl. Dep. I at 14, 19-20, Dep. II, at 55-56). While working at the Mayaguez Medical Center she lived in the residential facilities of the Hospital. (Dep. I, at 12-14).

On November 1997 plaintiff took a one month vacation and visited her sister who lived in Florida. While staying with her sister in Florida, she experienced abdominal discomfort and was examined by her brother in law who is a physician. He referred her to a surgeon who recommended that she undergo a laparoscopic cholicystectomy. (Pl. Dep. II, at 68). Valentín De Jesús tried unsuccessfully to obtain authorization from her insurance company in Puerto Rico to have her operation performed in Florida. As a result thereof she returned to Puerto Rico where she underwent the operation. Due to complications suffered as a result of the operation, on April of 1998, Valentín de Jesús returned to Florida where she was treated by Dr. Roger Orta at

Civil No. 98-2382(PG)                                                                    4

the White Wilson Medical Center and was hospitalized at other area hospitals on two other occasions. (Pl. Dep. I, at 68-76). During her stay in Florida, plaintiff lived with her sister and brother-in-law.

When plaintiff returned to Florida on April 1998, she continued to be employed at the Mayaguez Medical Center. Her work colleagues transferred their sick leave days to her name in order for her to benefit from a total of 84 sick days. (Pl. Dep. II, at 26). After the three month period expired, Valentín De Jesús requested leave without pay. Id. On March 11, 1999 she quit her job at the Mayaguez Medical Center.

## Discussion

"The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). See also Translantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2nd Cir. 1997) (a challenge to subject matter jurisdiction cannot be waived and may be raised either by motion or *sua sponte* at any time).

Federal jurisdiction under 28 U.S.C. § 1332(a)(1) requires that the "matter in controversy" be between "citizens of different states". Ninigret Development Corp. v Narrangansett Indian Wetuomuck Housing Authority, 207 F.3d 21 (1st Cir. 2000). For diversity

AO 72A
(Rev.8/82)

Civil No. 98-2382(PG)                                                    5

purposes, a person is a citizen of the state in which he or she is domiciled. <u>Lundquist v. Precision Valley Aviation, Inc.</u>, 946 F.2d 8 (1st Cir. 1991); <u>Rodriguez-Diaz v. Sierra-Martinez</u>, 853 F.2d 1027, 1029 (1st Cir. 1988). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating *inter alia* that complete diversity exist at the time the complaint is filed. <u>Toste Farm Corporation v. Hadbury, Inc.</u>, 70 F.3d 640, 642 (1st Cir. 1995) (<u>citing</u> <u>Thomson v. Gaskill</u>, 315 U.S. 442, 446 (1942) and <u>Media Duplication Services. Ltd v. HDG Software, Inc.</u>, 928 F.2d 1228, 1235 (1st Cir. 1991).

Allegations of complete diversity must be apparent from the pleadings. Fed. R. Civ. P. 8(a)(1). An examination of the amended complaint reveals that only the residency is pleaded as to each of the natural persons who are parties to this litigation. State citizenship depends not on residence, but on national citizenship and domicile. <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.</u>, 145 F.3d 660, 663 (4th Cir. 1998). The "existence of such citizenship cannot be inferred from allegations of mere residence, standing alone". <u>Id.</u> However, for purposes of considering United's motion to dismiss, the Court assumes that defendants are all domiciled in Puerto Rico.[2]

---

[2] Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts".

The Court of Appeals for the First Circuit has summarized the principles that are to be considered when resolving an issue dealing with a party's domicile. In <u>Rodriguez-Diaz v. Sierra Martínez</u>, 853 F.2d at 1029, the Court stated:

> A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. C. Wright, A. Miller & E. Cooper, 13B <u>Federal Practice and Procedure</u>, § 3612, at 526 (1984). Domicile generally requires two elements: 1) physical presence in a state, and 2) the intent to make such a state a home. J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, <u>1 Moore's Federal Practice</u>, ¶ 0.74[.3-17] (1988), It is the domicile at the time the suit is filed which controls and the fact that plaintiff has changed his domicile with the purpose of bringing a diversity action in federal court is irrelevant. <u>Id</u>. at ¶ 0.74[.3-1].

In order to change a domicile, a person must (1) physically relocate to a new state, and (2) intend to remain there. <u>See</u> <u>Bank One, Texas, N.A. v. Montle</u>, 964 F.2d 49, 50 (1st Cir. 1992).

> There must be an intention to remain at the new residence indefinitely; it is not required that the intention be to stay there permanently. A "floating intention" to return to a former domicile does not prevent the acquisition of a new domicile.

<u>Hawes v. Club Ecuestre El Comandante</u>, 598 F.2d 698, 701 (1st Cir. 1979) (citing <u>Gilbert v. David</u>, 235 U.S. 561, 569 (1915)).

In determining whether a person intended to establish a domicile in the state to which she has moved, the Court must look to several

Civil No. 98-2382(PG)                                                          7

factors, such as residential quarters, place of business or employment, payment of taxes, motor vehicle registration, memberships, voting and licence registration, location of bank accounts, real and personal property location and his own declaration of domicile. Lundquist v. Precision Valley Association, Inc., 946 F.2d at 11-12.

Plaintiff has stated plainly in her deposition that when she moved to Florida in April 1998, she intended to remain there. Defendants, however contend that Valentín De Jesús never changed her domicile to Florida. Once challenged, plaintiff bears the burden of supporting her allegations of jurisdiction with competent proof. See O'Toole v. Arlington Trust, Co., 681 F.2d 94, 98 (1st Cir. 1982).

In support of her change of domicile, plaintiff presents the following: (1) plaintiff obtained a driver's license in Florida on May 12th, 1998; (2) she has a Visa card issued by the AM South Bank of Fort Walton, Florida; (3) she registered to vote in Florida; (4) she took some courses of English as a second language in Okaloosa Walton Community College in Eagling Air Force Base, Florida, from August to December 1998; (5) plaintiff applied for jobs at the Veterans' Administration Hospital and at the Columbia Medical Center in Ft. Walton, Florida, when she returned to Florida in 1998; (6) in May 1998, she took the NCLEX to obtain Florida's nursing license; and (7) she took the exams to become a certified nursing assistant

AO 72A
(Rev.8/82)

three times until she finally approved the same. The evidence presented is consistent with plaintiff's subjective statement of her intent to remain in Florida.

However, several factors run against plaintiff's subjective statement of intent. Foremost amongst all is the fact that when Valentín De Jesús left on April 1998 to Florida she did not resign from her job as a nurse at the Mayaguez Medical Center. Rather, she took the three-month sick leave donated to her by her co-workers and a leave of absence without pay. Furthermore, she left her belongings at the residential quarters of the Medical Center and when she visited Puerto Rico on December 1998 she picked up only a few of her belongings. Her explanation of why she did not resign does not convince the Court. She explained that she did not resign because she thought that United Healthcare would continue providing medical coverage. However this statement is inconsistent with the fact that as early as November 30, 1998 she was informed by United that she was to be released from her medical plan for lack of payment and is also inconsistent with plaintiff's statement in her resignation letter that she took the year leave of absence without pay with the hope of returning to work but that due to her medical condition she had to stay out of Puerto Rico until the conclusion of her treatment. (Docket No. 70, Ex A).

Civil No. 98-2382(PG) 9

Moreover, the evidence presented by plaintiff to establish Florida as her domicile is not strong enough to prove that she intended to stay in Florida indefinitely. Though she obtained a Florida driver's license on May 1998, she also had a Puerto Rico driver's license which expired on November 12, 1999. Furthermore, she did not own a car in Florida while she own one in Puerto Rico which she did not sell upon her return to Florida in 1998. Also revealing is the fact that the only bank account plaintiff points to was the one she open in the AM South Bank in Fort Walton, Florida in 1999 when she closed her account at the Banco Popular of Puerto Rico. (Pl. Dep., at p. 112-114).

The voting factor registration must be viewed in light of her admission that she has never voted in Puerto Rico nor in Florida and that she used it as an "I.D." (identification card), (Pl. Dep. I, at p. 93-105). See <u>Leon v. Caribbean Hospital Corp.</u>, 848 F. Supp. 317, 318 (D.P.R. 1994) ("Voter registration is indicative of very little for a person who has previously shown no interest in participating in the electoral process").

At most what the evidence reveals is that plaintiff returned to Florida in 1998 to receive medical treatment and that she harbored the intention and desire of living in Florida at some time in the future when she would be able to either pass the test to get her Florida license to work as a nurse in a Florida hospital or pass the

Civil No. 98-2382(PG)                                                    10

Florida test to become a certified nurse assistant or when the Veteran's Administration would summon her for an interview upon an opening at a Veteran's Hospital in Florida.

However, the evidence presented does not constitute significant evidence of an interest to remain in Florida and maintain a domicile. The requirements of intent and physical presence must be met simultaneously. A definite and sincere intention to make a place one's home at some time in the future is not enough to make that place an individual's present domicile. 13 Wright Miller & Cooper, <u>Federal Practice and Procedure</u> § 3613 at 549 (1984); <u>Hawes v. Club Ecuestre El Comandante</u>, 596 F.2d at 703. Domicile did not change solely upon plaintiff's formation of an unimplemented intent to be domiciled in Florida.[3]

In conclusion plaintiff failed to meet her burden of producing sufficient evidence to support her assertion that she had changed her domicile from Puerto Rico to Florida when the action was filed. Therefore, Valentín De Jesús' domicile continued to be Puerto Rico on

---

[3] Although Valentín De Jesús might have changed domicile during the pendency of this action, diversity is determined as of the date the action was commenced and cannot be created by a change of domicile during the pendency of the action. However, a dismissal for want of jurisdiction does not preclude a second action where there are subsequent developments that cure the jurisdictional deficiency in the first suit. <u>See</u> <u>G.A.F. Corp. v. United States</u>, 818 F.2d 901, 913-14 (D.C. Cir. 1987) (stating that jurisdictional deficiencies may be remedied by occurrences subsequent to original dismissal.)

Civil No. 98-2382(PG)                                                         11

December 10, 1998 when the complaint was filed and thus, diversity jurisdiction is lacking.

In view of the above findings, the Court hereby **GRANTS** co-defendant United's motion to dismiss for lack of diversity jurisdiction.

**IT IS SO ORDERED.**

San Juan, Puerto Rico _____July_____ _31_, 2000.

                                              JUAN M. PEREZ-GIMENEZ
                                              U.S. District Judge